CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA S. DUDLEY, CLERK
BY: 
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **WILMER JEROME KNIGHT,** | CASE NO. 7:12CV00342 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| **MR. KISER, ET AL.,** | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Wilmer Jerome Knight, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials have held Knight too long in segregated confinement, in violation of his constitutional rights. Upon review of the record, the court summarily dismisses the action under 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

I

Knight alleges the following events relevant to his claim. Virginia Department of Corrections (VDOC) officials transferred Knight on April 26, 2011, from Sussex I State Prison to Red Onion State Prison, placing him in long-term administrative segregation, "Level S – Security." After several months, officials transferred Knight for unspecified reasons to Marion Correctional Treatment Center for six months and then back to Sussex I for six months. Knight alleges that during this period, he did not incur any disciplinary charges or changes to his security classification. On April 13, 2012, officials transferred Knight back to Red Onion administrative segregation, Level S. At his second, 90-day review of his segregation status,

officials told Knight that because of a disciplinary charge brought against him at Sussex I in 2010, he could not yet be transferred to the less restrictive section of Red Onion.[1]

Knight asserts that he has been in long-term administrative segregation since May 19, 2009. In this § 1983 action, Knight claims that the defendant Red Onion officials have violated his constitutional rights by maintaining him in segregated confinement, despite the fact that he has been charge-free for 22 months. Knight also claims that these defendants have not complied with VDOC procedural requirements associated with the 90-day review process. Knight alleges that long-term segregated confinement has caused him mental and emotional stress. As relief in this case, Knight seeks monetary damages and interlocutory injunctive relief, directing that Red Onion officials reduce his security classification.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

---

[1] In Knight's motion for interlocutory injunctive relief (ECF No. 14), he alleges that officials refused to change his security classification based on a disciplinary charge from April 14, 2011 at Sussex I, even though an official there had dismissed the charge.

2

When a defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Inmates have no protected liberty interest in being housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). To state a claim that he has a protected liberty interest related to long-term administrative confinement, an inmate must first allege facts demonstrating that conditions to which he is subject in that confinement status constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Knight fails to show that he has a protected liberty interest related to his segregated confinement status. Knight fails to present any facts concerning the conditions of his confinement or to offer any respect in which those conditions present any unusual difficulty or discomfort when compared to other VDOC confinement categories. Moreover, Knight's complaints that prison officials have failed to follow state classification procedures do not present any federal due process issue actionable under § 1983. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). The court must summarily dismiss Knight's due process claims regarding his segregation status.

Knight's allegations also fail to state a claim that his confinement in segregation violates the Eighth Amendment prohibition against cruel and unusual punishment. The length of an inmate's segregation alone does not render such segregation unconstitutional. In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 472 (4th Cir. 1999). To state an Eighth Amendment claim regarding conditions of confinement, the inmate

3

must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that his "continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

Knight makes no such showing of actual or potential injury resulting from his confinement status. His conclusory allegation that he has suffered emotional and mental distress while in segregation is not supported by any facts suggesting that confinement conditions caused his distress or that his mental or emotional upset was so severe as to require treatment or otherwise constitute serious or significant harm as required under Strickler or Helling. Therefore, the court must summarily dismiss Knight's Eighth Amendment claims concerning segregation status.

Because Knight's complaint fails to support any plausible constitutional claim actionable under § 1983, the court dismisses Knight's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. See also Knight v. Johnson, Civil Action No. 3:10CV648, 2011 WL 4101664 (E.D. Va. Sept. 14, 2011) (dismissing similar allegations regarding long-term administrative confinement). For the same reason, the court denies Knight's motion for interlocutory injunctive relief regarding his segregation status. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (finding that entitlement to preliminary injunction requires, inter alia, a showing that plaintiff "is likely to succeed on the merits" of his claim). Because Knight fails to allege facts stating any viable § 1983 claim, the court dismisses as moot his motion to amend to name additional defendants and his motion for appointment of counsel. An appropriate order will enter this day.

4

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of October, 2012.

*[signature]*
Chief United States District Judge